An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DON F. SHREVE, JR., BAR NO. 4382

No. 59634

FILED

OCT 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF TEMPORARY SUSPENSION

This is a petition by the state bar, through the Southern Nevada Disciplinary Board, for an order temporarily suspending attorney Don Shreve, Jr., from the practice of law, pending the resolution of formal disciplinary proceedings against him. The petition and supporting documentation demonstrate that Shreve misappropriated client funds from his law firm's client trust account.[1]

SCR 102(4)(a) provides, in pertinent part:

> On the petition of a disciplinary board, signed by its chair or vice chair, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may

---

[1]The state bar's SCR 102(4) petition is supported by attached exhibits of Shreve's misconduct. However, it is not supported by an affidavit as required under SCR 102(4)(a). Shreve did not object to this defect and instead filed a nonopposition to the petition. We conclude that the state bar's failure to attach the affidavit is nonprejudicial and that Shreve waived this defect. *See, e.g., Ogle v. Hotto*, 652 N.E.2d 815, 821 (Ill. App. Ct. 1995) (holding that plaintiffs waived the defect to a motion to dismiss which did not contain a statutorily required affidavit because they failed to object to the defect).

13-30267

prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(b) provides that we may place restrictions on an attorney's handling of funds.

We conclude that the documentation before us demonstrates that Shreve poses a substantial threat of serious harm to the public, and that his immediate temporary suspension is warranted under SCR 102(4)(a). Accordingly, we hereby order attorney Don Shreve, Jr., temporarily suspended from the practice of law pending the resolution of formal disciplinary proceedings against him.[2]

We further conclude that Shreve's handling of funds should be restricted. Accordingly, pursuant to SCR 102(4)(a), (b), and (c), we impose upon Shreve the following conditions:

1. Shreve is precluded from accepting new cases and is precluded from continuing to represent existing clients, effective immediately upon service of this order;

2. All proceeds from Shreve's practice of law and all fees and other funds received from or on behalf of his clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Shreve except upon written approval of bar counsel; and

---

[2]We note that Shreve is currently suspended in Nevada for failure to comply with CLE requirements and with SCR 78.5. The suspension in the instant matter is separate from and in addition to Shreve's existing suspension.

3. Shreve is prohibited from withdrawing any funds from any and all accounts in any way relating to his law practice, including but not limited to his general and trust accounts, except upon written approval of bar counsel.

The state bar shall immediately serve Shreve with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Shreve's place of employment or residence, or by publication.[3] Shreve shall comply with the provisions of SCR 115.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                                Hardesty

_____, J.          _____, J.
Parraguirre                            Douglas

_____, J.          _____, J.
Cherry                                 Saitta

---

[3]When served on either Shreve or a depository in which he maintains an account, this order shall constitute an injunction against withdrawal of the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(b).

cc: David A. Clark, Bar Counsel
Jeffrey A. Albregts, Chair, Southern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Michael J. Warhola, LLC
Perry Thompson, Admissions Office, United States Supreme Court